UPON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
C.V. II, Inc., the appellant, has filed a motion for rehearing which we grant. We withdraw our previous opinion and special concurrence and substitute the following opinion in its place.
This is a mechanic’s lien case. The Cury Corporation hired C.V. II, Inc., a general contractor, to build several single family residences. Attached to the contract was an addendum which listed the types of work for which C.V. II would be compensated and which further indicated that if C.V. II came in under the budget amount it would be entitled to 50% of the difference between the budget amount and the actual cost, even if the work was performed by a third party. (The parties refer the latter as the “buy out” portion of the contract.) After construction was completed C.V. II filed a claim of lien against the properties alleging that Cury had failed to pay C.V. II the required amount. To remove the cloud on the title Cury posted a bond, pursuant to section 713.24, Florida Statutes (1985), in the dollar amounts stated in the lien, but it failed to include funds for the amount which C.V. II asserted was owed to it under the “buy out.”
Subsequently C.V. II brought suit to foreclose not only on the bonds but on the real properties which were subject to the lien claims. A portion of the complaint sought an order requiring Cury to post additional security for the “buy out” part of the contract. Additionally, C.V. II added as parties the two couples who had purchased the properties which it wished to foreclose upon. The trial court dismissed Counts I, II and III to the extent that they were seeking amounts beyond the amount of the bonds.[1] The court also dismissed the action in its entirety as to the two couples who had purchased the homes which had previously been subject to the lien. C.V. II appeals.
We affirm the portion of the order of the trial court dated December 2, 1987 which prevented C.V. II from going beyond the posted bond. We also affirm that portion of the order which dismissed the two couples who had purchased the two properties after the lien was transferred to a bond. The historical purpose of the bond is to make property, which is subject to a claim of lien, alienable. To allow C.V. II to go beyond the amount of the posted bond, or to allow it to proceed against the subsequent buyers of the properties, would frustrate this purpose.
However, we reverse that portion of the trial court’s order which dismissed the section of the complaint which sought to *233 have the bond amount increased to reflect the “buy out” provisions of the contract. Under section 713.24(3), Florida Statutes, a lienor is entitled to seek an increase in the amount of the bond or the posting of additional security if it can be shown that the amount of the bond is insufficient. In the instant case under the terms of the contract the posted bond was clearly insufficient.
AFFIRMED in part; REVERSED in part; and remanded for further proceedings consistent herewith.
ANSTEAD and WALDEN, JJ., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.

. The parties agree that the court actually intended to dismiss count I, III and V and only erroneously referred to count II.